UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOX INSURANCE COMPANY and REENA
NANDI,

    Plaintiffs,

   vs.

ENVISION PHARMACEUTICAL HOLDINGS,
INC., ENVISION PHARMACEUTICAL
SERVICES, INC., JAMES MINDALA, KEVIN
NAGLE, and BARRY KATZ,

    Defendants,

   vs.

JAYDIP DATTARAY, RAJESH GUPTA,
DIPAK NANDI, and KARY SHANKAR,

    Counterclaim Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 09-cv-0237 (SJF) (ARL)

ANSWER OF DEFENDANTS TO
AMENDED COMPLAINT OF
PLAINTIFFS FOX INSURANCE AND
REENA NANDI (ECF 48)

Defendants Envision Pharmaceutical Holdings, Inc. ("Holdings"), Envision Pharmaceutical Services, Inc. ("Envision"), James Mindala ("Mindala"), Kevin Nagle ("Nagle"), and Barry Katz ("Katz" and, collectively with Holdings, Envision, Mindala, and Nagle, "Defendants"), by and through their attorneys, for their answer to the Amended Complaint (the "Amended Complaint") in this action filed by Plaintiffs Fox Insurance Company and Reena Nandi (collectively, "Plaintiffs"), hereby respond in like numbered paragraphs as follows:

**"Nature of the Action"**[1]

In Response to the first paragraph of the section entitled "Nature of the Action" of the Amended Complaint (hereinafter the "Introductory Section"), Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the paragraph and therefore deny the same and leave Plaintiffs to their proofs, and admit the allegations contained in the second sentence of the paragraph.

In response to the second paragraph of the Introductory Section, Defendants admit the allegations contained therein with the exception that Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of the paragraph and therefore deny the same and leave Plaintiffs to their proofs.

In response to the third paragraph of the Introductory Section, Defendants admit the allegations contained in the first two sentences of the paragraph and deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of the paragraph and therefore deny the same and leave Plaintiffs to their proofs.

In response to the fourth, fifth, sixth, and seventh paragraphs of the Introductory Section, Defendants deny the allegations contained therein.

In response to the eighth and final paragraph of the Introductory Section, Defendants deny knowledge and information sufficient to form a belief as to why Plaintiffs have commenced this action against Defendants seeking injunctive relief and money damages.

---

[1]    Defendants are responding to this section despite the fact it violates Federal Rule of Civil Procedure 10(b) in that Plaintiffs have not numbered their paragraphs.  The Introductory Section is therefore improper and should be disregarded by the Court or stricken from the Amended Complaint.  For sake of clarity in this Answer, Defendants will use the same section headers as Plaintiffs do in their Amended Complaint.  Defendants will only respond to those headers which contain factual allegations.

**"Jurisdiction and Venue"**

1.      In response to Paragraph 1 of the Amended Complaint, Defendants admit the allegations contained therein.

2.      In response to Paragraph 2 of the Amended Complaint, Defendants admit that the matter in controversy exceeds $75,000 and there is diversity of citizenship between the parties, but deny that Plaintiffs are entitled to any damages.

3.      In response to Paragraph 3 of the Amended Complaint, Defendants admit that venue is proper in this judicial district pursuant to 28 U.S.C. § 1441(a), and otherwise deny the allegations contained therein.

**"Parties"**

4.      In response to Paragraph 4 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proofs.

5.      In response to Paragraph 5 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proofs.

6.      In response to Paragraph 6 of the Amended Complaint, Defendants admit the allegations contained therein.

7.      In response to Paragraph 7 of the Amended Complaint, Defendants admit the allegations contained therein.

8.      In response to Paragraph 8 of the Amended Complaint, Defendants admit the allegations contained therein.

9.      In response to Paragraph 9 of the Amended Complaint, Defendants admit the allegations contained therein.

10.     In response to Paragraph 10 of the Amended Complaint, Defendants admit the allegations contained therein.

**"Facts Concerning All Claims For Relief"**

11.     In response to Paragraph 11 of the Amended Complaint, Defendants admit the allegations contained therein.

12.     In response to Paragraph 12 of the Amended Complaint, Defendants admit the allegations contained therein.

13.     In response to Paragraph 13 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proofs.

14.     In response to Paragraph 14 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proofs.

15.     In response to Paragraph 15 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proofs.

16.     In response to Paragraph 16 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proofs.

17.     In response to Paragraph 17 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proofs.

18.     In response to Paragraph 18 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proofs.

19.     In response to Paragraph 19 of the Amended Complaint, Defendants admit the allegations contained therein.

### "The Pharmacy Services Agreement"

20.     In response to Paragraph 20 of the Amended Complaint, Defendants admit the allegations contained therein.

21.     In response to Paragraph 21 of the Amended Complaint, Defendants admit that Mindala, Nagle, and Katz made accurate representations to Fox that Envision provides pharmacy benefits services to customers such as Fox with transparency, and Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore deny the same and leave Plaintiffs to their proofs.

22.     In response to Paragraph 22 of the Amended Complaint, Defendants admit that Mindala, Nagle, and Katz accurately represented to Fox that Envision would credit or pass through to Fox one hundred percent of all price discounts and concessions, including all rebates, rebate administrative fees, pharmacy discounts, and other incentives, which Envision would receive from pharmaceutical companies and its network pharmacy companies.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph of 22 of the Amended Complaint, and therefore deny the same and leave Plaintiffs to their proof.

23.     In response to Paragraph 23 of the Amended Complaint, Defendants deny the allegations contained therein.

24.     In response to Paragraph 24 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proofs.

25.     In response to Paragraph 25 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the paragraph, and therefore deny the same and leave Plaintiffs to their proof, and Defendants state that there is no Exhibit "1" attached to the Amended Complaint.

26.     In response to Paragraph 26 of the Amended Complaint, Defendants deny the allegations contained therein.

## "Fox Acquisition of Envision Outstanding Capital Stock"[2]

27.     In response to Paragraph 27 of the Amended Complaint, Defendants admit that in or about November 2007, Fox and Holdings discussed a possible acquisition by Fox of Holdings, and Defendants otherwise deny the allegations contained therein.

28.     In response to Paragraph 28 of the Amended Complaint, Defendants deny the allegations contained therein.

29.     In response to Paragraph 29 of the Amended Complaint, Defendants deny the allegations contained therein.

30.     In response to Paragraph 30 of the Amended Complaint, Defendants deny the allegations contained therein.

---

[2]     Defendants deny that Fox acquired the outstanding capital stock of Envision.

31.     In response to Paragraph 31 of the Amended Complaint, Defendants deny the allegations contained therein.

32.     In response to Paragraph 32 of the Amended Complaint, Defendants deny the allegations contained therein.

33.     In response to Paragraph 33 of the Amended Complaint, Defendants admit that on or about January 30, 2007, Jim Mindala, Kevin Nagle, Barry Katz, Nate Cortright, Patrick Cavanaugh, Marc Manuel, Dipak Nandi, Kary Shankar and possibly others met again to discuss further the terms and conditions of a possible acquisition of Holdings.

34.     In response to Paragraph 34 of the Amended Complaint, Defendants admit that during the meeting held on January 30, 2007, among the matters discussed was the increase in projected revenue for 2008.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34, and therefore deny the same and leave Plaintiffs to their proof.

35.     In response to Paragraph 35 of the Amended Complaint, Defendants deny the allegations contained therein.

36.     In response to Paragraph 36 of the Amended Complaint, Defendants deny the allegations contained therein.

37.     In response to Paragraph 37 of the Amended Complaint, Defendants deny the allegations contained therein.

38.     In response to Paragraph 38 of the Amended Complaint, Defendants deny the allegations contained therein.

**"Fox's Due Diligence Reveals Problems With The Acquisition"[3]**

39.     In response to Paragraph 39 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proof.

40.     In response to Paragraph 40 of the Amended Complaint, Defendants deny the allegations contained therein.

41.     In response to Paragraph 41 of the Amended Complaint, Defendants deny the allegations contained therein.

42.     In response to Paragraph 42 of the Amended Complaint, Defendants deny the allegations contained therein.

43.     In response to Paragraph 43 of the Amended Complaint, Defendants deny the allegations contained therein.

**"EPS Fails to Pass Through"[4]**

44.     In response to Paragraph 44 of the Amended Complaint, Defendants deny the allegations contained therein.

45.     In response to Paragraph 45 of the Amended Complaint, Defendants deny the allegations contained therein.

46.     In response to Paragraph 46 of the Amended Complaint, Defendants deny the allegations contained therein.

**"EPS Withholds Critical Data"[5]**

47.     In response to Paragraph 47 of the Amended Complaint, Defendants deny the

---

[3]     Defendants deny that Fox's due diligence revealed problems with the possible acquisition of Holdings.
[4]     Defendants deny that Envision failed to pass through to Fox manufacturer rebates and other manufacture derived revenue.
[5]     Defendants deny that Envision withheld critical data from Fox.

allegations contained therein.

48.     In response to Paragraph 48 of the Amended Complaint, Defendants admit that prior to December 2008, at which time Fox deceived Envision about its intent to continue to pay for Envision's services under the Pharmacy Services Agreement and for prescription drugs that already had been dispensed by Envision's network pharmacies, Envision had provided Fox with certain access to data in electronic form through a file transfer protocol (FTP) server.

49.     In response to Paragraph 49 of the Amended Complaint, Defendants deny the allegations contained therein.

50.     In response to Paragraph 50 of the Amended Complaint, Defendants admit that among the categories of files that Fox could access through Envision's FTP server prior to December 2008 were Medication Therapy Management and Medication Therapy Management Aggregate files, Prior Authorization files, Prescription Drug Event files, Claim files, True Out-Of-Pocket Cost Accumulator files, and Explanation of Benefit files.

51.     In response to Paragraph 51 of the Amended Complaint, Defendants admit that since late December 2008, when Fox breached the Pharmacy Services Agreement and refused to reimburse Envision's network pharmacies for prescription drugs that already had been dispensed, Envision has not provided Fox with access to access data files and that Fox did not request the data from Envision until on or about January 26, 2008 through filings with this Court.

52.     In response to Paragraph 52 of the Amended Complaint, Defendants deny the allegations contained therein.

53.     In response to Paragraph 53 of the Amended Complaint, Defendants deny the allegations contained therein.

**"Disparagement Campaign"[6]**

54.     In response to Paragraph 54 of the Amended Complaint, Defendants deny the allegations contained therein.

55.     In response to Paragraph 55 of the Amended Complaint, Defendants deny the allegations contained therein.

56.     In response to Paragraph 56 of the Amended Complaint, Defendants deny the allegations contained therein.

57.     In response to Paragraph 57 of the Amended Complaint, Defendants admit that on or about December 22, 2008, Envision transmitted a "Pharmacy Bulletin" to pharmacies in Envision's network wherein Envision accurately advised that "Per Section 3.2 of our Pharmacy Agreement, [Fox Insurance Company] is delinquent on payments" and that "dispensing prescriptions are at pharmacy's financial risk," and Defendants otherwise deny the allegations contained therein.

58.     In response to Paragraph 58 of the Amended Complaint, Defendants deny the allegations contained therein.

59.     In response to Paragraph 59 of the Amended Complaint, Defendants deny the allegations contained therein.

60.     In response to Paragraph 60 of the Amended Complaint, Defendants deny the allegations contained therein.

## AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract: Pharmacy Services Agreement)

61.     In response to the incorporation in Paragraph 61 of the Amended Complaint, Defendants repeat and reallege the contents of paragraphs 1 through 60 hereof as though the

---

[6]     Defendants deny engaging in any disparagement campaign.

contents thereof were fully set forth herein.

62.     In response to Paragraph 62 of the Amended Complaint, Defendants admit the allegations contained therein.

63.     In response to Paragraph 63 of the Amended Complaint, Defendants deny the allegations contained therein.

64.     In response to Paragraph 64 of the Amended Complaint, Defendants deny the allegations contained therein.

65.     In response to Paragraph 65 of the Amended Complaint, Defendants deny the allegations contained therein.

## AS AND FOR A SECOND CAUSE OF ACTION
(Breach of Contract: Pharmacy Services Agreement)

66.     In response to the incorporation in Paragraph 66 of the Amended Complaint, Defendants repeat and reallege the contents of paragraphs 1 through 65 hereof as though the contents thereof were fully set forth herein.

67.     In response to Paragraph 67 of the Amended Complaint, Defendants admit the allegations contained therein.

68.     In response to Paragraph 68 of the Amended Complaint, Defendants deny the allegations contained therein.

69.     In response to Paragraph 69 of the Amended Complaint, Defendants deny the allegations contained therein.

70.     In response to Paragraph 70 of the Amended Complaint, Defendants deny the allegations contained therein.

71.     In response to Paragraph 71 of the Amended Complaint, Defendants deny the allegations contained therein.

72.     In response to Paragraph 72 of the Amended Complaint, Defendants deny the allegations contained therein.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract: Letter of Intent and Related Agreements)

73.     In response to the incorporation in Paragraph 73 of the Amended Complaint, Defendants repeat and reallege the contents of paragraphs 1 through 72 hereof as though the contents thereof were fully set forth herein.

74.     In response to Paragraph 74 of the Amended Complaint, Defendants deny the allegations contained therein.

75.     In response to Paragraph 75 of the Amended Complaint, Defendants deny the allegations contained therein.

76.     In response to Paragraph 76 of the Amended Complaint, Defendants deny the allegations contained therein.

77.     In response to Paragraph 77 of the Amended Complaint, Defendants deny the allegations contained therein.

78.     In response to Paragraph 78 of the Amended Complaint, Defendants deny the allegations contained therein.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Fraud in the Inducement: Pharmacy Services Agreement)

79.     In response to the incorporation in Paragraph 79 of the Amended Complaint, Defendants repeat and reallege the contents of paragraphs 1 through 78 hereof as though the contents thereof were fully set forth herein.

80.     In response to Paragraph 80 of the Amended Complaint, Defendants deny the allegations contained therein.

81.     In response to Paragraph 81 of the Amended Complaint, Defendants deny the allegations contained therein.

82.     In response to Paragraph 82 of the Amended Complaint, Defendants deny the allegations contained therein.

83.     In response to Paragraph 83 of the Amended Complaint, Defendants deny the allegations contained therein.

84.     In response to Paragraph 84 of the Amended Complaint, Defendants deny the allegations contained therein.

85.     In response to Paragraph 85 of the Amended Complaint, Defendants deny the allegations contained therein.

86.     In response to Paragraph 86 of the Amended Complaint, Defendants deny the allegations contained therein.

87.     In response to Paragraph 87 of the Amended Complaint, Defendants deny the allegations contained therein.

88.     In response to Paragraph 88 of the Amended Complaint, Defendants deny the allegations contained therein.

89.     In response to Paragraph 89 of the Amended Complaint, Defendants deny the allegations contained therein.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Fraud in the Inducement: LOI and Related Agreements)

90.     In response to the incorporation in Paragraph 90 of the Amended Complaint, Defendants repeat and reallege the contents of paragraphs 1 through 89 hereof as though the contents thereof were fully set forth herein.

91.     In response to Paragraph 91 of the Amended Complaint, Defendants deny the allegations contained therein.

92.     In response to Paragraph 92 of the Amended Complaint, Defendants deny the allegations contained therein.

93.     In response to Paragraph 93 of the Amended Complaint, Defendants deny the allegations contained therein.

94.     In response to Paragraph 94 of the Amended Complaint, Defendants deny the allegations contained therein.

95.     In response to Paragraph 95 of the Amended Complaint, Defendants deny the allegations contained therein.

96.     In response to Paragraph 96 of the Amended Complaint, Defendants deny the allegations contained therein.

97.     In response to Paragraph 97 of the Amended Complaint, Defendants deny the allegations contained therein.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Defamation)

98.     In response to the incorporation in Paragraph 98 of the Amended Complaint, Defendants repeat and reallege the contents of paragraphs 1 through 97 hereof as though the contents thereof were fully set forth herein.

99.     In response to Paragraph 99 of the Amended Complaint, Defendants deny the allegations contained therein.

100.     In response to Paragraph 100 of the Amended Complaint, Defendants deny the allegations contained therein.

101.    In response to Paragraph 101 of the Amended Complaint, Defendants deny the allegations contained therein.

102.    In response to Paragraph 102 of the Amended Complaint, Defendants deny the allegations contained therein.

103.    In response to Paragraph 103 of the Amended Complaint, Defendants deny the allegations contained therein.

104.    In response to Paragraph 104 of the Amended Complaint, Defendants deny the allegations contained therein.

<u>**AS AND FOR A SEVENTH CAUSE OF ACTION**</u>
(Tortious Interference with Contract and Business Relations)

105.    In response to the incorporation in Paragraph 105 of the Amended Complaint, Defendants repeat and reallege the contents of paragraphs 1 through 104 hereof as though the contents thereof were fully set forth herein.

106.    In response to Paragraph 106 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proof.

107.    In response to Paragraph 107 of the Amended Complaint, Defendants admit that in or around the middle of 2007, Fox and Envision began to discuss entering into an agreement by which Envision would provide pharmacy benefits management services for Fox, and otherwise deny the allegations contained therein.

108.    In response to Paragraph 108 of the Amended Complaint, Defendants admit that Mindala, Nagle, and Katz accurately represented to Fox that Envision would credit or pass through to Fox one hundred percent of all price discounts and concessions, including all rebates, rebate administrative fees, pharmacy discounts, and other incentives, which Envision would

receive from pharmaceutical companies and its network pharmacy companies.  Defendants otherwise deny the allegations contained in Paragraph of 108.

109.    In response to Paragraph 109 of the Amended Complaint, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and therefore deny the same and leave Plaintiffs to their proof.

110.    In response to Paragraph 110 of the Amended Complaint, Defendants deny the allegations contained therein.

111.    In response to Paragraph 111 of the Amended Complaint, Defendants deny the allegations contained therein.

112.    In response to Paragraph 112 of the Amended Complaint, Defendants deny the allegations contained therein.

113.    In response to Paragraph 113 of the Amended Complaint, Defendants deny the allegations contained therein.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Quantum Meruit)

114.    In response to the incorporation in Paragraph 114 of the Amended Complaint, Defendants repeat and reallege the contents of paragraphs 1 through 113 hereof as though the contents thereof were fully set forth herein.

115.    In response to Paragraph 115 of the Amended Complaint, Defendants deny the allegations contained therein.

116.    In response to Paragraph 116 of the Amended Complaint, Defendants deny the allegations contained therein.

117.    In response to Paragraph 117 of the Amended Complaint, Defendants deny the allegations contained therein.

118.    In response to Paragraph 118 of the Amended Complaint, Defendants deny the allegations contained therein.

119.    In response to Paragraph 119 of the Amended Complaint, Defendants deny the allegations contained therein.

120.    In response to Paragraph 120 of the Amended Complaint, Defendants deny the allegations contained therein.

## AS AND FOR A NINTH CAUSE OF ACTION
(Unjust Enrichment)

121.    In response to the incorporation in Paragraph 121 of the Amended Complaint, Defendants repeat and reallege the contents of paragraphs 1 through 120 hereof as though the contents thereof were fully set forth herein.

122.    In response to Paragraph 122 of the Amended Complaint, Defendants deny the allegations contained therein.

123.    In response to Paragraph 123 of the Amended Complaint, Defendants deny the allegations contained therein.

Defendants deny Plaintiffs' prayer for relief.  Defendants deny all allegations contained in the Amended Complaint unless expressly admitted above.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.    Plaintiff Reena Nandi has no standing to bring any claim against any of Defendants.

2.    Each claim of Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted

3.      Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations, the equitable doctrine of laches or both.

4.      Plaintiffs have failed to state with particularity their fraud claims as required by the Rule 9(B) of the Federal Rules of Civil Procedure.

5.      Each of Plaintiffs' contract claims is barred by Fox's antecedent breach of the agreement at issue.

6.      Plaintiffs' claims are barred by their own fraud.

7.      Plaintiffs' claims are barred by the doctrines of waiver, estoppel or both.

8.      Plaintiffs' claims are barred by the doctrine of unclean hands.

9.      Plaintiffs have suffered no damages or have failed to mitigate any alleged damages.

10.     Any and all damages caused to Plaintiffs were proximately caused by persons other than Defendants.

WHEREFORE, having fully answered, Defendants Envision Pharmaceutical Holdings, Inc., Envision Pharmaceutical Services, Inc., James Mindala, Kevin Nagle, and Barry Katz pray that the Amended Complaint be dismissed, that judgment be entered in their favor, and that the Court award them such other relief as may be just and proper.

## **JURY DEMAND**

Defendants Defendants Envision Pharmaceutical Holdings, Inc., Envision Pharmaceutical Services, Inc., James Mindala, Kevin Nagle, and Barry Katz demand a trial by jury on all issues of the Amended Complaint so triable.

## <u>NOTICE OF CONTINUED ASSERTION OF COUNTERCLAIM</u>

Defendants Envision Pharmaceutical Holdings, Inc. and Envision Pharmaceutical Services, Inc. continue to assert against Plaintiffs Fox Insurance Company and Reena Nandi and Counterclaim Defendants Dipak Nandi, Jaydip Dattaray, Rajesh Gupta, and Kary Shaankar the claims set forth in the Counterclaim (ECF 7 at 9 – 27) filed on January 26, 2009.


Dated:   May 29, 2009                                        Respectfully submitted,




                                                             Oren J. Warshavsky (OW 9469)
                                                             **Baker & Hostetler LLP**
                                                             45 Rockefeller Plaza, 11th Floor
                                                             New York, New York 10111
                                                             Telephone: (212) 589-4624
                                                             Facsimile: (212) 589-4201
                                                             E-mail: owarshavsky@bakerlaw.com


                                                             Of Counsel:

                                                             Louis Colombo (Bar No. 0025711)
                                                             James H. Rollinson (OH Bar No. 0080442)
                                                             **Baker & Hostetler LLP**
                                                             1900 East 9th Street
                                                             Cleveland, Ohio 44114
                                                             Telephone: (216) 621-0200
                                                             Facsimile: (216) 696-0740
                                                             E-mail: lcolombo@bakerlaw.com
                                                                       jrollinson@bakerlaw.com

                                                             *Counsel for  Defendants Envision*
                                                             *Pharmaceutical Holdings, Inc. and Envision*
                                                             *Pharmaceutical Services, Inc.*